ORIGINAL

**REISSUED FOR PUBLICATION**
**OCT 25 2016**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 14-1128V
Filed: September 30, 2016
Not for Publication

FILED
SEP 30 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BARBARA GOFORTH, | |
| Petitioner, | |
| v. | Interim attorneys' fees and costs decision; protracted proceedings; reasonable attorneys' fees and costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Barbara Goforth, Farmville, VA, for *pro se*.
Camille M. Collet, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 19, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that her receipt of the influenza ("flu") vaccine on September 29, 2011 caused her to develop demyelinating disease of the central nervous system, paresthesia, mononeuritis, dysphagia, and speech disturbance. On April 7, 2016, petitioner's counsel, Mr. Downing, filed a Motion to Withdraw as Attorney, which the undersigned granted on the same day. Petitioner is currently pursuing her claim *pro se*.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On April 11, 2016, after Mr. Downing had withdrawn from the case, Mr. Downing filed a motion for interim attorneys' fees and costs. Mr. Downing requested $30,496.50 in interim attorneys' fees and $1,964.06 in interim attorneys' costs, for a total request of $32,460.56. In accordance with General Order #9, petitioner's former counsel stated that petitioner did not incur any costs in pursuing her claim while he represented her.

On April 18, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 3. However, respondent argues that it is premature to award interim attorneys' fees and costs at this time because Mr. Downing "has not made . . . a special showing" that not receiving interim attorneys' fees and costs would constitute a hardship. Resp. at 1-3. Respondent also argues that the amount requested by Mr. Downing is too high. Resp. at 4. Respondent asserts that a "reasonable amount for fees and costs in the present case would fall between $12,000.00 [and] $18,000.00." Id. at 4. Respondent bases this estimate on "a survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id. She also cites a case in which the U.S. Court of Federal Claims affirmed the undersigned's award of $14,000.00 in interim attorneys' fees and costs. See Rehn v. Sec'y of HHS, 126 Fed. Cl. 86 (2016).

On April 21, 2016, Mr. Downing filed a reply to respondent's response. In his reply, petitioner objects to respondent's method of "arbitrarily suggest[ing] a lower amount without an explanation." Reply at 2. On June 27, 2016, petitioner filed a supplemental application for attorneys' fees and costs, requesting additional attorneys' fees and costs for the time Mr. Downing spent preparing an interim attorneys' fees and costs motion and writing a reply to respondent's response. Supp. Fee App. at 1. Petitioner requests an additional $1,092.60 in interim attorneys' fees and costs for a total request of $33,553.16. Id.

**DISCUSSION**

I. **Entitlement to fees under the Vaccine Act**

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award attorneys' fees and costs to a petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

a. **Interim fees are appropriate in this case**

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only interim fees pending

appeal. Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id.

The United States Court of Federal Claims and several special masters have found an interim fee award appropriate in a variety of circumstances, including when counsel withdraws from the case. See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unclear how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); Lumsden v. Sec'y of HHS, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); Dudash v. Sec'y of HHS, No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); Burgess v. Sec'y of HHS, No. 07-258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

Respondent does not contest that petitioner lacked reasonable basis, at least up until petitioner's counsel filed his motion for interim attorneys' fees and costs on April 11, 2016. See Resp't's Resp. at 3 ("Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."). Therefore, petitioner has met the good faith and reasonable basis requirements for the award of interim attorneys' fees.

The undersigned finds that interim attorneys' fees and costs are appropriate here due to the protracted proceedings in this case. The petition has been pending for over one year and 10 months. Petitioner, still *pro se*, is attempting to obtain a letter from Dr. Mohammad Khoshnoodi and recently requested an extension of 60 days to file the letter. See Order dated September 15, 2016. Respondent has not yet filed her Rule 4(c) Report. If petitioner decides to continue pursuing her claim, it may be months to years before an entitlement ruling is issued. The Federal Circuit instructed in Avera that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted . . . ." 515 F.3d at 1352. Thus, the undersigned rejects respondent's objection to an award of interim fees and costs at this juncture and finds an award of interim fees and costs appropriate.

3

## II.   Respondent's proposal that a certain range of fees is appropriate in this case

Respondent bases her statement that petitioner is entitled to an award of $12,000.00 to $18,000.00 in fees on her "experience in similar cases under the Vaccine Act" and one case in which the undersigned's awarded petitioner's counsel $14,000.00.  Resp't's Resp. at 4.  The undersigned does not find respondent's argument persuasive.  It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.  Each case in the Vaccine Program is different.  Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's interim attorneys' fees and costs request is reasonable.  Therefore, the undersigned **GRANTS** petitioner's interim motion for attorneys' fees and costs.  Accordingly, the court awards **$33,553.16**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Van Cott & Talamante, PLLC in the amount of **$33,553.16**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 30, 2016

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

4