# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 12, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| BARBARA GOFORTH, | * | No. 14-1128V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
*Ronalda E. Kosh*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 19, 2014, Barbara Goforth ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that she suffered adverse effects, including a demyelinating disease of the central nervous system, as a result of her receipt of an influenza vaccination on September 29, 2011. (ECF No. 1.) An entitlement hearing was held on February 17 and 18, 2020 and post-hearing briefs were filed on April 30, 2021. On November 19, 2021, I issued my decision dismissing the petition. (ECF No. 126).

On December 29, 2021, petitioner filed an application for attorneys' fees and costs. (ECF No. 129) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$123,886.56 (representing $105,092.00 in fees and $18,794.56 in costs).[3] Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs related to this litigation. Fees App. Ex. 2. Respondent responded to the motion on January 12, 2022, indicating I should exercise my discretion to determine a reasonable award for attorneys' fees and costs if I am satisfied that the reasonable basis and fee award standards are met in this case. Resp. at 3 (ECF No. 131). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, I find that good faith and reasonable basis existed throughout the matter. Respondent also has not raised any objection to the good faith or reasonable basis of the claim. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] Petitioner was previously awarded interim attorneys' fees and costs totaling $33,553.16 on September 30, 2016.

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[4]

Petitioner requests that her counsel, Mr. Randall Knutson, be compensated at $365.00 per hour for all work he performed in this case, from 2017 to 2021. These rates are consistent with what counsel has previously been awarded for his work in the Vaccine Program and I find them to be reasonable for work performed in the instant case as well.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed are largely reasonable. However, a small reduction must be made to paralegal time for billing clerical tasks such as filing documents and for duplicative review of some routine Court orders. Based on my review of the billing records, a reasonable reduction for these issues is $600.00. Petitioner is therefore awarded final attorneys' fees of $104,492.00.

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18,794.56 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, work performed by petitioner's medical experts, Dr. Beatrice Engstrom and Dr. Mohammed Khoshnoodi. Fees App. at 13. Petitioner has provided adequate documentation of the requested costs which I have reviewed, and I find the total amount of costs to be largely reasonable. However, Dr. Engstrom's billing records indicate she billed two different rates - $400.00 per hour for most of her work such as reviewing medical records and preparing her report and a flat fee of $9,500.00 for trial testimony. Dr. Engstrand participated only on the first day of the trial (*see* Tr. 271), which lasted approximately eight hours (from 9:30 AM to 5:21 PM per the transcript).

Even granting Dr. Engstrom one hour of preparation time before the hearing and one hour of debriefing time with counsel after, this translates to an hourly rate of $950.00 per hour, well exceeding what the Vaccine Program has awarded to experts. Additionally, special masters have consistently ruled that experts should not be awarded flat rates, though often for days spent in hearings that end before the close of business. *Bean-Sasser v. Sec'y of Health & Human Servs.*, No. 13-326V, 2017 WL 4385749, at *6 (Fed. Cl. Spec. Mstr. Sept. 8, 2017) (declining to award an expert a flat rate when the hearing in question ended at 3:00 p.m.); *Culligan v. Sec'y of Health & Human Servs.*, No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016); *Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006). The undersigned will therefore reimburse Dr. Engstrom's testimony time at $400.00 per hour for ten hours for a total of $4,000.00. Accordingly, petitioner is awarded final attorneys' costs of $13,294.56.

## II.     Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $105,092.00 |
| (Reduction to Fees) | - ($600.00) |
| **Total Attorneys' Fees Awarded** | **$104,492.00** |
| | |
| Attorneys' Costs Requested | $18,794.56 |
| (Reduction of Costs) | - ($5,500.00) |
| **Total Attorneys' Costs Awarded** | **$13,294.56** |
| | |
| **Total Attorneys' Fees and Costs** | **$117,786.56** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $117,786.56, representing**

**reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Randall Knutson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]


**IT IS SO ORDERED.**


s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).